IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IRMA COLEMAN, et al.,

    Plaintiffs,

-vs-                                             Case No.  17-cv-130-DRH

ASTRAZENECA PHARMACEUTICALS, LP, et al.,

    Defendants.
_____

JOHN ROSENSTEEL, et al.,

    Plaintiffs,

-vs-                                             Case No.  17-cv-131-DRH

ASTRAZENECA PHARMACEUTICALS, LP, et al.,

    Defendants.
_____

KENNETH LLOYD DRAVLAND, JR.

    Plaintiff,

-vs-                                             Case No.  17-cv-133-DRH

ASTRAZENECA PHARMACEUTICALS, LP, et al.,

    Defendants.
_____

ORLANDO MCGILL, et al.,

    Plaintiffs,

-vs-                                             Case No.  17-cv-1461-DRH

ASTRAZENECA PHARMACEUTICALS, LP, et al.,

    Defendants.
_____
**MARSHA RICHARDS**

    **Plaintiff,**

-vs-                                                    Case No.  17-cv-609-DRH

**PFIZER, INC., et al.,**

    **Defendants.**
_____
**PATRICIA RICHARDSON**

    **Plaintiff,**

-vs-                                                    Case No.  17-cv-406-DRH

**ASTRAZENECA PHARMACEUTICALS, LP, et al.,**

    **Defendants.**
_____
**TERRY WINTERS**

    **Plaintiff,**

-vs-                                                    Case No.  17-cv-535-DRH

**ASTRAZENECA PHARMACEUTICALS, LP, et al.,**

    **Defendants.**
_____

## ORDER ADDRESSING DISCOVERY AND STAY REQUESTS BROUGHT AT JULY 17th, 2017 STATUS CONFERENCE

    A status conference was held July 17, 2017, at which the parties reported on the progress of a number of aspects of this litigation.  Throughout the

conference, it was clear the primary focus of the parties' revolved around the effect the approaching hearing of the Judicial Panel on Multidistrict Litigation ("JPML") will have if formation of a Multi-District Litigation ("MDL") is established. The JPML hearing is near and will be held on July 27, 2017. This hearing represents a "do-over" of plaintiffs' previous attempt to attain consolidation of the various complaints filed around the country involving the defendants in the cases in this District as well as others. The essence of the parties' diverging positions is that plaintiffs want to continue full throttle in progressing this litigation in the event the JPML once again rejects consolidation, while the defendants want to delay some, but not all, aspects of the litigation as they argue against the risk of "inconsistent rulings." Defendants point out that the litigation, in this District and in New Jersey, continues to progress unimpeded in areas where there isn't such a risk.

**I. Discovery Requests**

One central area of contention displayed at the status conference, is in the arena of the discovery of electronic storage of information ("ESI"). The parties apparently have been meeting and conferring on the subject of search terms or predictive coding, one or the other, or both, for some time. Plaintiffs feel it is time for a deadline, which they propose be <u>Friday, July 21st</u>, for the parties to either say we agree or we don't agree, in which case briefing will be submitted to the Court.

    a. **Search Terms and/or Predictive Coding**

Search terms or predictive coding, whichever method is used, can be extremely important in the course of producing ESI. Often, there is great debate over whether these methods are helpful and bring about efficiencies or whether, for the task at hand, create more burdens, consequently being more costly and not very helpful overall. Accordingly, it is important for the parties to talk initially, present their positions to one another, and if they cannot agree, to then present their positions in some detail to the judge for a decision. It is also important for this course to take place early in the process as the mining of the

ESI gets started. This avoids having to repeat runs of the computer to go back over data that was already searched. Thus far, defendant AstraZeneca[1] says as for its production, they have not needed search terms - producing that which is obvious. Per AstraZeneca, the more difficult ESI searches are not in the offing for another few months, after the JPML hearing. Plaintiffs argue however, that there has been nothing but "talking about talking" and it's time to put something down on paper so everyone knows what their guidance is as they fear there might not be an MDL consolidation at all. Hence, plaintiffs desire for a July 21st deadline to make a decision.

### b. Privilege Log Protocol

Similarly, plaintiffs believe the parties should either submit a joint Privilege Log Protocol to the Court by Friday, July 21st, or agree to disagree and brief it for the Court. The arguments are very similar regarding this issue as above, and it too, is a very preliminary matter. As documents are gathered, some may involve conversations or simply instructions or advice, that constitute privileged communications that should not be revealed to anyone. Defendants have to employ reviewers to check those things and parties usually arrive at a protocol for how all of that is to be handled. Defendants here argue that this is too soon to worry about in advance of the JPML hearing and there will be time after to work this out. Plaintiffs argue that once again, there is just "talking about talking" and if a MDL consolidation is rejected again, the parties here are well behind the margin of error in delaying a foundational action that will cause the holdup of so much of the ESI discovery.

### II. Partial Stay

Finally, and really part and parcel to the above described disputes, defendant AstraZeneca orally moves the Court to impose a partial stay on the cases. While not specifically defined, the two examples above serve as a guide for the kinds of activities AstraZeneca would have the Court hold in abeyance. **The**

---

[1] For all purposes of this Order, the term "AstraZeneca" encompasses defendant AstraZeneca Pharmaceuticals LP and defendant AstraZeneca LP.

**Court denies the stay** simply because it would be too hard to define its contours and because the Court prefers to handle the matters on an issue by issue basis. The Court finds that it can determine for itself which issue calls out for the Court to withhold a decision and which it should not.  As it relates to the request for a stay and the two requests discussed above, it is appropriate to describe the Court's philosophy regarding a stay in this matter with a decision of the JPML pending.

### III. Analysis of Court's Philosophy Regarding Staying the Matter in Light or Pending JPML Decision

One must first recall that the cases that are the subject of this ruling were filed after the JPML had rejected the initial requests for consolidation and left the parties and the undersigned to understand that each of these cases would have to be handled in however many districts were represented by the individual cases. Therefore, when the cases over which the undersigned is presiding were filed, the case management presumption was that the standard protocol would be followed - which was to handle them as expeditiously as possible and to move them through the docket.  The oral motion for partial stay was the first motion to stay received in these cases.

The Court now finds itself at a point in the litigation where it is ten days from a hearing where the JPML may grant a petition to consolidate even though doing so will be contrary to the rationale of its prior decision, as most of the defendants are now agreeing to, or at least not opposing, consolidation. Alternatively, the JPML may once again decline the request, likely for the very same reasons it did so before.  If the petition is granted, it is likely to go to the honorable Judge Cecchi in New Jersey, but certainly nothing in the JPML's judicial choice is a sure thing.  So, as the Court is trying to make decisions in these matters, the pendency of the JPML ruling becomes less of a factor than usual.

The JPML is to hear the matter of the plaintiffs' petitions for consolidation very soon on July 27th.  The Court believes from past practice that the panel will

meet to decide either immediately after the conclusion of the arguments that day or the next, or both. If there is no consolidation, this judge will know promptly. Phone calls to the judges in the various consolidated litigations will take place over the ensuing days and the orders will be published within a week of the decision of the panel. Consequently, by August 3rd or 4th, less than three calendar weeks from today, the public will know the result for those matters where consolidation was granted. So, it will be a mere 11 to 17 days to know the result of the panel's decision. Despite the compelling reasons cited by plaintiffs for pressing ahead quickly, the more compelling reasons of avoiding conflicting rulings, or more likely to avoid entering orders that would then be scrapped only to start all over again, wins out. **Thus, while the Court denies a stay, it will not set a quick Friday, July 21st, deadline for the above discovery requests, as a ruling from the JPML will be here soon.**

Additionally, the Court did make one ruling from the bench, and it is confirmed here, which is that **the defendants are granted an additional thirty days under the scheduling order, to name additional parties.**

In the event the panel does reject consolidation, the next status conference will be held **August 31, 2017 at 1:30 P.M.**

**IT IS SO ORDERED.**
**DATED:** July 18, 2017

Digitally signed by
Judge David R. Herndon
Date: 2017.07.18
11:34:40 -05'00'

UNITED STATES DISTRICT JUDGE